IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICHARD C. BROWER                                                    PLAINTIFF

VS.                                                              No. 2:05CV49-D-B

STALEY, INC.                                                         DEFENDANT

OPINION GRANTING MOTION TO REMAND

Presently before the Court is the Plaintiff's motion to remand this matter to the Circuit Court

of Coahoma County, Mississippi.  Upon due consideration, the Court finds that the motion should

be granted.

A.  *Factual Background*

This action, originally filed in the Circuit Court of Coahoma County, Mississippi, was

removed by the Defendant under the authority of 28 U.S.C. § 1332, diversity jurisdiction.  The

Defendant asserts that this Court has because there is complete diversity and the Plaintiff is seeking

damages in excess of $75,000.

The Plaintiff initiated this dispute for personal injuries sustained in an automobile accident.

In his state court complaint, the Plaintiff requested damages in an amount "less than $75,000.00."

However, during discovery the Plaintiff refused to admit that he would not amend his complaint to

ask for an amount greater than the federal jurisdictional amount.  The Defendant contends that the

refusal to bind himself to an amount below the federal threshold demonstrates that the Plaintiff

intends to seek more than $75,000 and therefore, renders the case removable.

B.  *Standard for Review*

A plaintiff wishing to avoid federal jurisdiction "may resort to the expedient of suing for less

than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 593, 82 L. Ed. 845 (1938). The face of a plaintiff's complaint will not control if made in bad faith. De Aguilar, 47 F.3d at 1410. The removing defendants bear the burden of establishing that federal jurisdiction actually exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguity in the pleadings should be resolved in favor of remand. Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000). Assuming the removing party is able to demonstrate that the requisite amount in controversy is present, removal is deemed proper, unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than the jurisdictional minimum. Id. at 1411; Bland v. Fleet Fin., Inc., No. 1:02CV442-D-D, 2003 WL 22244407 at *2 (N.D. Miss. 2003).

In the case sub judice, the Plaintiff contends that the amount in controversy has not been satisfied. Conversely, the Defendants fervently argue that the Plaintiff is attempting, in bad faith, to limit his damages. Therefore, the Defendant insists that the Plaintiff should be equitably estopped from denying that the amount in controversy is present and this Court should retain jurisdiction.

*C. Discussion*

The amount in controversy is deemed satisfied if stated, in good faith, on the face of the complaint. Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1069 (5th Cir. 1984) (attorney's fees and damages for personal injury are not to be included to establish the jurisdictional amount). However, in order to take advantage of federal jurisdiction, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. De Aguilar, 47 F.3d at 1408. To accomplish this, the Defendants may (1) demonstrate that it is facially apparent that the claims

are likely above the jurisdictional minimum, or (2) set forth the facts in controversy that support a finding of the requisite amount. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The jurisdictional amount must be determined at the time of removal and any post-petition affidavits are allowable only in limited circumstances. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombia v. Dow Quimica De Colombia S.A., 98 F.2d 559, 566 (5th Cir. 1993).

In opposition to the motion to remand, the Defendant argues that the Plaintiff should be equitably estopped from denying the amount in controversy is present. Yet, the Defendant overlooks a crucial point. It is the Defendant who first bears the burden of demonstrating that the Plaintiff's claim is actually worth in excess of $75,000. In the Court's opinion the Defendant has not sustained its burden.

The only information or estimated valuation of the Plaintiff's claim is from medical bills totaling $5,500. It is conceivable that emotional damages, pain and suffering and lost wages could significantly inflate any damage award. However, it is not facially apparent that the Plaintiff's claims are worth more than the jurisdictional minimum. Furthermore, the Defendant has presented nothing from which the Court could perform even a speculative valuation of the Plaintiff's claim. Rather, the Defendant essentially suggests that because the Plaintiff refuses to limit his damages that the case should be removable. Unfortunately, the Defendant's rationale is not supported by law. Despite the Plaintiff's disinclination, the Court will not presume that a claim satisfies the jurisdictional minimum without more than mere supposition. See, Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880, 882-883 (5th Cir. 2000) (requiring defendant to prove by preponderance of the evidence that the amount in controversy exceeded $75,000 where the plaintiff's complaint was silent as to damages). Accordingly, the Defendant has failed to prove that the amount in controversy is

present.  Hence, the Plaintiff's motion to remand shall be granted.

A separate order in accordance with this opinion shall issue this day.

This the 8th day of August 2005.

/s/ Glen H. Davidson

Chief Judge